# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |  |
|---|---|---|
| JOE IRVIN, individually and on behalf of a class of all persons and entities similarly situated, | : : : | Case No. |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : | JURY DEMANDED |
| GAS SOUTH, LLC | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Gas South, LLC ("Gas South" or "Defendant") made unsolicited calls using an artificial or prerecorded voice to cell phone numbers, including his own.

3.      A class action is the best means of obtaining redress for the Defendant's calling and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

4.      Plaintiff Joe Irvin is an individual and a resident of Suwanee, Georgia.

5.      Defendant Gas South, LLC is a limited liability company with its principal place of business in this District.

### Jurisdiction & Venue

6.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

7.      The Court has personal jurisdiction over Gas South because it conducts business in this District, including transmitting the unlawful prerecorded calls at issue to Plaintiff's cellular telephone number in this District, and otherwise has sufficient minimum contacts with this District.

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, including Plaintiff's receipt in this District of the unlawful prerecorded calls at issue.

### The Telephone Consumer Protection Act

9.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10.     The TCPA prohibits the initiation of any telephone call to a cellular telephone number using an artificial or prerecorded voice, absent an emergency purpose or the prior express consent of the called party.  47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private right of action for such violations, along with statutory damages of $500 per violation, treble damages of up to $1,500 for each willful or knowing violation, and injunctive relief.  47 U.S.C. § 227(b)(3).

### Factual Allegations

11.      Defendant places telephone calls to consumers throughout the United States using an artificial or prerecorded voice.

12.    Plaintiff Joe Irvin is, and at all times relevant herein was, a "person" as defined by 47 U.S.C. § 153(39).

13.    Plaintiff is, and at all times relevant herein was, the subscriber of the cellular telephone number (470) XXX-XXXX.

14.    Plaintiff has never provided Defendant with prior express consent, written or otherwise, to place calls using an artificial or prerecorded voice to his cellular telephone.

15.    Nevertheless, Defendant placed multiple non-emergency telephone calls to the cellular telephone from telephone number (877) 596-5072, including on May 15, 2026, June 9, 2026, and July 7, 2026.

16.    The calls were intended for another individual rather than Plaintiff.

17.    On July 7, 2026, Defendant left a prerecorded voicemail message on the voicemail associated with Plaintiff's cellular telephone number.

18.    The prerecorded voicemail message began immediately upon reaching the voicemail and proceeded directly into a scripted recording without first attempting to determine whether the call recipient was available or otherwise engaged in a live conversation.

19.    The voicemail message was delivered in a continuous, uninterrupted, and uniform manner and did not contain the pauses, acknowledgements, interruptions, or conversational exchanges typically associated with a live caller.

20.    Rather than progressing through a natural conversation or connecting the called party with a live representative, the message repeatedly replayed the same scripted content, demonstrating that it was delivered using a prerecorded recording rather than spoken by a live caller.

21.    The aforementioned calls were unwanted and nonconsensual.

22.    Plaintiff never requested or consented to receive these calls.

### Class Action Statement

23.    Plaintiff brings this action on behalf of himself and the following Class (collectively, the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **Prerecorded Voice Class:** All persons in the United States (1) whose telephone number received one or more telephone calls from, or on behalf of, Defendant, (2) during a 12-month period, (3) within the four years prior to the filing of the Complaint through the date of trial (4) where the call used a prerecorded or artificial voice, and (5) where the individual was not a customer of the Defendant.

24.    Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

25.    Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

## Numerosity

26.    Members of the Class are so numerous that their individual joinder is impracticable.

27.    On information and belief, based on the technology used to place calls to Plaintiff, which is used to place calls *en masse*, Members of the Class number in the thousands.

28.    The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

29.    Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

## Commonality

30.    Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

31.    Common legal and factual questions include, but are not limited to, whether Defendant has violated the Telephone Consumer Protection Act, including its prohibition on calls using an artificial or prerecorded voice, and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

## Typicality

32.     The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited calls from the Defendant without giving Defendant his consent to receive such calls.

## Adequacy of Representation

33.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

34.     The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

## Superiority

35.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

36.     Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

37.     Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system.  This strain on the parties and the

7

judicial system would be heightened in this case, given the complex legal and factual issues at play.

38.     Individualized litigation also presents a potential for inconsistent or contradictory judgments.

39.     In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

40.     Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b)(1)(A)(iii))**
**(On Behalf of Plaintiff and the Prerecorded Voice Class)**

41.     Plaintiff repeats and incorporates by reference each of the allegations in paragraphs 1-42 as if fully set forth herein.

42.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by initiating telephone calls to the cellular telephone numbers of Plaintiff and the Prerecorded Voice Class using an artificial or prerecorded voice, except for calls made for emergency purposes or with the prior express consent of the called party.

8

43.    As alleged above, the calls Defendant placed to Plaintiff and members of the Prerecorded Voice Class used a prerecorded or artificial voice.

44.    Plaintiff and members of the Prerecorded Voice Class did not provide Defendant with prior express consent, written or otherwise, to receive calls using an artificial or prerecorded voice.

45.    Defendant's violations were negligent, willful, or knowing.

46.    As a result of Defendant's and/or its affiliates', agents', and/or other persons' or entities' violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and members of the Prerecorded Voice Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call.

47.    Plaintiff and members of the Prerecorded Voice Class are also entitled to and do seek injunctive relief prohibiting Defendant from making further calls using an artificial or prerecorded voice to the cellular telephones of Plaintiff and the Prerecorded Voice Class in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.    An order enjoining Defendant from making further telephone calls using an artificial or prerecorded voice to Plaintiff and members of the Prerecorded

Voice Class, absent an emergency purpose or the prior express consent of the called party, pursuant to 47 U.S.C. § 227(b)(3);

B.      An award to Plaintiff and members of the Prerecorded Voice Class of statutory damages of $500 for each violation of 47 U.S.C. § 227(b)(1)(A)(iii), and $1,500 for each violation the Court finds was willful or knowing; and

C.      Such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

RESPECTFULLY SUBMITTED AND DATED this July 21, 2026.

By: */s/ Valerie Chinn*
Valerie Chinn, Georgia Bar No. 248468
Attorney at Law
CHINN LAW FIRM, LLC
6000 Lynmark Way
Suite 160 #1320
Fairburn, GA 30213
Direct:  404-955-7732
Email:  vchinn@chinnlawfirm.com

Anthony I. Paronich, *Subject to Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

10