**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JOE IRVIN, individually and on behalf of a class of all persons and entities similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>GAS SOUTH, LLC,<br><br>*Defendant*. | Case No. 1:26-CV-04114-LMM |

**DEFENDANT GAS SOUTH, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Gas South, LLC ("Gas South"), by and through its attorneys, hereby responds to Plaintiff Joe Irvin's ("Plaintiff" or "Irvin") Class Action Complaint as follows:

## Preliminary Statement

1. Gas South is without sufficient knowledge to respond to the allegations in Paragraph 1. To the extent a response is required, denied.

2. Paragraph 2 contains Plaintiff's characterization of the case and does not set forth an allegation to which a response is required. To the extent a response is required, denied.

3. Denied.

**Parties**

4. Gas South is without sufficient knowledge to respond to the allegations in Paragraph 4.

5. Admitted.

**Jurisdiction & Venue**

6. Gas South admits that the Court has subject matter jurisdiction over claims arising under the Telephone Consumer Protection Act. To the extent a further response is required, denied.

7. Gas South admits that it conducts business in Georgia and therefore the Court has personal jurisdiction over Gas South. Gas South denies the remaining allegations in Paragraph 7.

8. The allegations in Paragraph 8 contain legal conclusions to which no response is required. To the extent a response is required, denied.

**The Telephone Consumer Protection Act**

9. The allegations in Paragraph 9 express Plaintiff's opinion and contain legal conclusions to which no response is required. To the extent a response is required, denied.

10. The allegations in Paragraph 10 contain legal conclusions to which no response is required. To the extent a response is required, denied.

## Factual Allegations

11. Gas South admits that Gas South and/or its vendors place informational and/or emergency-related telephone calls using an artificial or prerecorded voice to its customers, from whom it has express consent. Gas South denies the remaining allegations in Paragraph 11.

12. The allegations in Paragraph 12 contain legal conclusions to which no response is required. To the extent a response is required, denied.

13. Gas South is without sufficient knowledge to respond to the allegations in Paragraph 13. To the extent a further response is required, denied.

14. Gas South admits that it has been unable to locate an account for Plaintiff in Gas South's database based on the information with which Gas South has been provided. Gas South is without sufficient knowledge to respond to the remaining allegations in Paragraph 14. To the extent a further response is required, denied.

15. The allegations in Paragraph 15 contain legal conclusions to which no response is required. Gas South admits that Gas South and/or its vendors place calls from the number (877) 596-5072. Gas South is without sufficient knowledge to respond to the remaining allegations in Paragraph 15, including the allegation that it "placed multiple non-emergency telephone calls to the cellular telephone." To the extent a further response is required, denied.

16. Gas South is without sufficient knowledge to respond to the allegations in Paragraph 16. To the extent a further response is required, denied.

17. Gas South is without sufficient knowledge to respond to the allegations in Paragraph 17. To the extent a further response is required, denied.

18. Gas South is without sufficient knowledge to respond to the allegations in Paragraph 18. To the extent a further response is required, denied.

19. Gas South is without sufficient knowledge to respond to the allegations in Paragraph 19. To the extent a further response is required, denied.

20. Gas South is without sufficient knowledge to respond to the allegations in Paragraph 20. To the extent a further response is required, denied.

21. Gas South is without sufficient knowledge to respond to the allegations in Paragraph 21. To the extent a further response is required, denied.

22. Gas South is without sufficient knowledge to respond to the allegations in Paragraph 22. To the extent a further response is required, denied.

## Class Action Statement

23. Gas South denies that the class defined in Paragraph 23 satisfies or can ever satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Gas South denies the remaining allegations in Paragraph 23.

24. Gas South denies that the class defined in Paragraph 23 satisfies or can ever satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Gas South denies the remaining allegations in Paragraph 24.

25. Gas South denies that Plaintiff is entitled to prosecute this case as a class action. To the extent a further response is required, denied.

**Numerosity**

26. Gas South denies that the class defined in Paragraph 23 satisfies or can ever satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Gas South denies the remaining allegations in Paragraph 26.

27. Gas South denies that the class defined in Paragraph 23 satisfies or can ever satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Gas South denies the remaining allegations in Paragraph 27.

28. Gas South denies that the class defined in Paragraph 23 satisfies or can ever satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Gas South denies the remaining allegations in Paragraph 28.

29. Gas South denies that the class defined in Paragraph 23 satisfies or can ever satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Gas South denies the remaining allegations in Paragraph 29.

**Commonality**

30. Denied.

31. Denied.

**Typicality**

32. Gas South denies that Plaintiff is a suitable class representative, denies that the class defined in Paragraph 23 satisfies or can ever satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Gas South denies the remaining allegations in Paragraph 32.

**Adequacy of Representation**

33. Gas South denies that Plaintiff is a suitable class representative, denies that the class defined in Paragraph 23 satisfies or can ever satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Gas South denies the remaining allegations in Paragraph 33.

34. Gas South denies that Plaintiff is a suitable class representative, denies that the class defined in Paragraph 23 satisfies or can ever satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Gas South denies the remaining allegations in Paragraph 34.

**Superiority**

35. Gas South denies that the class defined in Paragraph 23 satisfies or can ever satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Gas South denies the remaining allegations in Paragraph 35.

36. Gas South denies that the class defined in Paragraph 23 satisfies or can ever satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Gas South is without sufficient knowledge to respond to the remaining allegations in Paragraph 36. To the extent a further response is required, denied.

37. Gas South denies that the class defined in Paragraph 23 satisfies or can ever satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Gas South denies the remaining allegations in Paragraph 37.

38. Gas South denies that the class defined in Paragraph 23 satisfies or can ever satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Gas South denies the remaining allegations in Paragraph 38.

39. Gas South denies that the class defined in Paragraph 23 satisfies or can ever satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Gas South denies the remaining allegations in Paragraph 39.

40. Gas South denies that the class defined in Paragraph 23 satisfies or can ever satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Gas South denies the remaining allegations in Paragraph 40.

## COUNT I
## Telephone Consumer Protection Act
## (Violations of 47 U.S.C. § 227(b)(1)(A)(iii))
## (On Behalf of Plaintiff and the Prerecorded Voice Class)

41. The allegation in Paragraph 41 is a statement to which no response is required. To the extent a response is required, Gas South incorporates its responses to all previous paragraphs as if set forth herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## PRAYER FOR RELIEF

Gas South denies that Plaintiff is entitled to any of the relief he seeks in the "Wherefore" clause and each of its subparts.

## JURY DEMAND

Gas South denies that Plaintiff has alleged any triable claims.

## ADDITIONAL DEFENSES

Gas South asserts the following affirmative defenses and/or additional defenses, which apply to claims brought by Plaintiff. Gas South reserves the right to amend this Answer and to add additional defenses as it becomes aware of additional

information or as additional defenses become available.

1. The Complaint fails to state a claim upon which relief may be granted.

2. The claims in the Complaint cannot be certified as a class action as they fail to meet the elements of Rule 23 of the Federal Rules of Civil Procedure.

3. Plaintiff and the putative class members have not suffered any cognizable injury that is fairly traceable to and redressable by Gas South, and therefore lack standing. Plaintiff also lacks standing to seek injunctive relief individually or on behalf of a putative class. Upon information and belief, Plaintiff also lacks standing for purposes of class certification to assert the claims alleged herein.

4. Plaintiff and/or members of the putative class consented to receiving the telephone calls alleged in the Complaint.

5. If the Court finds that Gas South violated the TCPA in any way (which Gas South denies), any such violation was not willful or knowing. Accordingly, Plaintiff's claim for additional/treble damages should be denied.

6. Upon information and belief, the claims of Plaintiff and/or members of the putative class are barred in whole or in part by the doctrines of waiver, estoppel, release, laches, unclean hands, and ratification and/or other equitable limitations.

7. By conduct, representations, and omissions, Plaintiff and the putative class have waived, relinquished, and/or abandoned any claim for relief against Gas

South respecting the matters that are the subject of the Complaint.

8. By conduct, representations, and omissions, upon which Gas South relied to its detriment, Plaintiff is equitably estopped from asserting any claim for relief against Gas South.

9. Plaintiff's claims are barred by the doctrine of good faith.

10. Plaintiff's claims are barred, in whole or in part, by the TCPA's "Safe Harbor" regulations or other "Safe Harbor" defenses, including because the calls to Plaintiff, assuming they occurred, were made in error.

11. Plaintiff's claims are barred, in whole or in part, because the calls at issue were good-faith, non-telemarketing utility-service communications made in connection with Georgia's regulatory requirements governing notice of potential disconnection of residential natural gas service, including Ga. Comp. R. & Regs. 515-3-3-.02(B). To the extent applicable, the calls were authorized or protected as service-related and/or emergency-purpose communications under governing law.

12. Plaintiff's claims are barred, in whole or in part, because the calls at issue were made for an emergency purpose within the meaning of 47 U.S.C. § 227(b)(1)(A) and 47 C.F.R. § 64.1200(f)(4). The calls were non-telemarketing utility-service communications intended to warn a residential natural gas customer of potential loss of essential utility service and were made for purposes relating to the health and safety of consumers.

Gas South reserves its right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Gas South prays for judgment as follows:

1. That Plaintiff take nothing by way of his Complaint;
2. That judgment be entered in favor of Gas South;
3. For attorneys' fees or costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

Date: October 19, 2026

Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

*/s/ Francis X. Nolan, IV*

Valerie S. Sanders (GA Bar No. 625819)
Ian N. Jones (GA Bar No. 437690)
600 Peachtree Street, NE, Suite 5200
Atlanta, GA 30308
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
valeriesanders@eversheds-sutherland.com
ianjones@eversheds-sutherland.com

Francis X. Nolan, IV (*pro hac vice*)
1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, New York 10036
Telephone: (212) 389-5083
Facsimile: (212) 389-5099
franknolan@eversheds-sutherland.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2026, I electronically filed the foregoing DEFENDANT GAS SOUTH, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Francis X. Nolan, IV*
Francis X. Nolan, IV