**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JOE IRVIN, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GAS SOUTH, LLC,<br><br>Defendant. | : | Case No. 1:26-cv-04114-LMM |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.2, Plaintiff Joe Irvin ("Plaintiff") and Defendant Gas South, LLC ("Defendant") (collectively, the "Parties"), by and through undersigned counsel, hereby submit this Joint Preliminary Report and Discovery Plan.

1. **Description of Case:**

(a) **Describe briefly the nature of this action.**

Plaintiff's Statement:

Plaintiff brings this putative class action alleging that Defendant Gas South, LLC violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), by placing non-emergency telephone calls to Plaintiff's cellular

telephone number using an artificial or prerecorded voice without his prior express consent. Plaintiff alleges that Defendant placed multiple calls to his cellular telephone number, including calls intended for another individual, and delivered a prerecorded voicemail message. Plaintiff seeks to represent a nationwide class of persons who received artificial or prerecorded voice calls from or on behalf of Defendant despite not being customers of Defendant.

Defendant's Statement: Defendant agrees Plaintiff's summary accurately describes his complaint but denies any wrongdoing for the reasons described below.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff's Statement:

Plaintiff Joe Irvin is a resident of Suwanee, Georgia, and the subscriber of a cellular telephone number. Plaintiff alleges that Defendant placed multiple non-emergency calls to his cellular telephone number from (877) 596-5072, including on May 15, June 9, and July 7, 2026. Plaintiff alleges that these calls were intended for another individual and that he never provided Defendant with consent to receive calls using an artificial or prerecorded voice.

On July 7, 2026, Defendant allegedly left a prerecorded voicemail message on Plaintiff's cellular telephone. Plaintiff alleges that the message consisted of a continuous, scripted recording that repeatedly replayed the same content without interaction with a live representative. Plaintiff contends that Defendant routinely

uses artificial or prerecorded voice technology to contact consumers and that its calling practices resulted in similar calls to other noncustomers throughout the United States.

Defendant's Statement:

As required by Georgia law, Defendant contacts its customers when their gas service is in danger of disconnection. Before calling these customers, Defendant obtains their express consent to receive important service-related notifications, including collection communications, by automatic dialing system or prerecorded voice message. Plaintiff or someone else provided Defendant with consent to call Plaintiff's alleged number for such purposes.

**(c) The legal issues to be tried are as follows:**

1. Whether Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii).
2. Whether Defendant used an artificial or prerecorded voice in connection with the calls at issue.
3. Whether Defendant placed or caused to be placed calls to Plaintiff and members of the proposed class.
4. Whether Plaintiff or members of the proposed class provided prior express consent to receive the calls at issue.
5. Whether Defendant placed artificial or prerecorded voice calls to wrong or reassigned cellular telephone numbers as part of a common practice or procedure.
6. Whether Defendant acted willfully or knowingly.
7. Whether this action should be certified and is appropriate for class treatment under Federal Rule of Civil Procedure 23.
8. Whether the class is so numerous that joinder of all members is impracticable.
9. Whether there are questions of law or fact common to the class.

10. Whether the claims or defenses of the representative parties are typical of the claims or defenses of the class.
11. Whether the representative parties will fairly and adequately protect the interests of the class.
12. Whether questions of law or fact common to class members predominate over any questions affecting only individual members.
13. Whether a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.
14. Whether Plaintiff and the proposed class members are entitled to statutory damages, treble damages, injunctive relief, and other relief available under the TCPA.

The Parties reserve the right to amend and/or add to this list of issues to be tried.

**(d) The cases listed below (include both style and action number) are:**

(1) Pending Related Cases:

None.

(2) Previously Adjudicated Related Cases:

None.

**2. <u>This case is complex because it possesses one (1) or more of the features listed below (please check):</u>**

<u>Plaintiff's Statement</u>:

x____ (1) Unusually large number of parties
______ (2) Unusually large number of claims or defenses
______ (3) Factual issues are exceptionally complex
x____ (4) Greater than normal volume of evidence
x____ (5) Extended discovery period is needed
______ (6) Problems locating or preserving evidence
______ (7) Pending parallel investigations or action by government
x____ (8) Multiple use of experts
______ (9) Need for discovery outside United States boundaries
______ (10) Existence of highly technical issues and proof
x____ (11) Unusually complex discovery of electronically stored information

Defendant's Statement:

Defendant has no position on whether or not the case is complex.

3. **Counsel: The following individually-named attorneys are hereby designated as lead counsel for the parties:**

| | |
|---|---|
| Lead counsel for Plaintiff: | Anthony Paronich<br>Paronich Law, P.C. |
| Lead counsel for Defendant: | Francis X. Nolan, IV<br>Eversheds Sutherland (US) LLP |

4. **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

☒ **Yes** ☐ **No**

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

Plaintiff's Statement:

Defendant's Statement:

Under the putative class definition, one or more putative class members lack Article III standing to sue. *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883, 891 (11th Cir. 2023).

**5. The names of necessary parties to this action who have not been joined and any questions of misjoinder of parties and inaccuracies and omissions regarding the names of parties.**

**Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

Plaintiff's Response: None known at this time. To the extent discovery establishes that Defendant used any third-party vendor or other entity to place the artificial or prerecorded voice calls at issue or the fact that they were collecting for another third party, Plaintiff reserves the right to seek leave to add any appropriate party identified through discovery.

Defendant's Response: None.

(b) The following persons are improperly joined as parties:

None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. <u>Amendments to the Pleadings</u>:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in Local Rule 15.**

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

None at this time.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. <u>Filing Times for Motions</u>:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

***(a) Motions to Compel:*** before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

***(b) Summary Judgment Motions:*** within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

***(c) Other Limited Motions:*** Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

***(d) Motions Objecting to Expert Testimony:*** Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

Plaintiff proposes and requests the deadline by which Plaintiff must file a motion for class certification be twelve months from the date of entry of this Scheduling Order.

Plaintiff proposes and requests that the deadline by which Plaintiff must file a motion for class certification be thirty (30) days after the close of discovery, which is currently scheduled for March 18, 2027.

Plaintiff proposes and requests that the deadline by which the Parties must file dispositive motions be sixty (60) days after the Court rules on Plaintiff's motion for class certification.

Plaintiff proposes the following expert disclosure schedule:

Plaintiff shall disclose expert(s) and serve expert report(s) by January 15, 2027.

Defendant shall disclose expert(s) and serve expert report(s), including any rebuttal expert report(s), by February 15, 2027.

Plaintiff shall disclose any rebuttal expert(s) and serve rebuttal expert report(s) by March 1, 2027.

All expert discovery, including expert depositions, shall be completed by the March 18, 2027 discovery deadline.

**8. Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection:**

None.

**9. Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

None requested.

**10. Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

Plaintiff's Statement:

Plaintiff anticipates that discovery will be needed concerning the requirements of Federal Rule of Civil Procedure 23 in support of Plaintiff's anticipated motion for class certification, as well as the merits of Plaintiff's TCPA claim. Plaintiff anticipates seeking discovery from Defendant and relevant third parties concerning: (1) call records and electronically stored information identifying calls placed using an artificial or prerecorded voice; (2) the telephone systems, platforms, vendors, and technology used to place the calls; (3) the prerecorded messages, scripts, recordings, and campaigns used by Defendant; (4) Defendant's records concerning Plaintiff's telephone number and the person Defendant intended to reach; (5) Defendant's policies and procedures for obtaining, maintaining, and updating telephone numbers associated with accounts; (6) records identifying calls placed to wrong, reassigned, or otherwise incorrect telephone numbers; (7) records concerning consent to receive

artificial or prerecorded voice calls; (8) Defendant's policies and procedures concerning TCPA compliance and wrong or reassigned telephone numbers; (9) complaints and other records reflecting calls placed to persons Defendant did not intend to reach; and (10) records and data necessary to identify members of the proposed class.

Plaintiff intends to submit expert testimony relevant to class certification, including testimony concerning Defendant's calling records and the identification of class members, and expert discovery prior to class certification will therefore likely be necessary.

<u>Defendant's Statement:</u>

Defendant anticipates that discovery will be needed from Plaintiff and third parties regarding the consent Defendant obtained to call Plaintiff's number.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those in detail below:**

None.

**11. <u>Discovery Limitations</u>:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

As noted above, Defendant seeks a discovery stay in accordance with Fed. R. Civ. P. 26(c) or, alternatively, a phased/bifurcated discovery schedule.

(b) Is any party seeking discovery of electronically stored information?

☒ **Yes** ☐ **No**

**If "yes,"**

**(1)** The parties have discussed the scope of the electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The Parties have discussed the scope of discovery and have agreed to limit the scope as follows: The Parties agree that there is not extensive electronic information relative to this case. The Parties agree however to exchange discovery (if it proceeds) electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs. If the Parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

**(2)** The parties have discussed the format for the production of electronically stored information (TIFF or .TIF files), Portable Document Format (PDF) or native, method of production (e.g., paper or disk), and the inclusion or exclusion of the use of metadata, and have agreed as follows:

The Parties have discussed the scope of discovery and have agreed to limit the scope as follows: The Parties agree that there is not extensive electronic information relative to this case. The Parties agree however to exchange discovery (if it proceeds) electronically and will provide documents in pdf, and if necessary native

format and/or searchable PDFs. If the Parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

**12. <u>Other Orders:</u>**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The Parties intend to seek a protective order of confidentiality.

**13. <u>Privileged or Protected Material</u>:**

**Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?**

<u>Plaintiff's Statement:</u>

<u>Defendant's Statement</u>: No.

**If "yes,"**

**The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows:**

**14. <u>Settlement Potential</u>:**

**(a) Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on November 3, 2026 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiff: _/s/ Anthony Paronich_

For Defendant: _/s/ Francis X. Nolan, IV_

_/s/ Valerie S. Sanders_

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

☐ A possibility of settlement before discovery.

☒ A possibility of settlement after discovery.

☐ A possibility of settlement, but a conference with the judge is needed.

☐ No possibility of settlement.

Plaintiff believes there is a possibility of settlement after discovery.

**(c) Counsel ☒ do ☐ do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

**(d) The following specific problems have created a hindrance to settlement of this case.**

None at this time.

**15.<u>Trial by Magistrate Judge</u>:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties ☐ **do** ☒ **do not** consent to having this case tried before a magistrate judge of this court.

Respectfully submitted November 18, 2026.

*/s/ Anthony I. Paronich*
Anthony I. Paronich (admitted *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*

*/s/Francis X. Nolan, IV*
Francis X. Nolan, IV (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
1114 Avenue of the Americas, 40th Floor
New York, New York 10036
Telephone: (212) 389-5083
Facsimile: (212) 389-5099
franknolan@eversheds-sutherland.com

Valerie S. Sanders (GA Bar No. 625819)
Ian N. Jones (GA Bar No. 437690)
EVERSHEDS SUTHERLAND (US) LLP
600 Peachtree Street, NE, Suite 5200
Atlanta, GA 30308
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
valeriesanders@eversheds-sutherland.com
ianjones@eversheds-sutherland.com

*Counsel for Defendant*